**Karen LaFLEUR, Appellant,**

v.

**ASTRODOME–ASTROHALL STADIUM CORPORATION and Houston Sports Association, Inc., Appellees.**

**No. 01–87–00848–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1988.

Shelia Silverman, Houston, for appellant.

Brian P. Johnson, Hill & Parker, Houston, for appellees.

Before SAM BASS, WARREN and DUNN, JJ.

OPINION

SAM BASS, Justice.

The appellant, LaFleur, brought suit against three parties: Harris County; Astrodome–Astrohall Stadium Corp.; and the Houston Sports Ass'n. The latter two defendants, the appellees, moved for summary judgment. The trial court granted the summary judgment and, upon severing the claim against Harris County, granted a take-nothing judgment for the appellant.

We affirm.

The appellant is a news photographer for a television station; appellees are the lessors and operators of the Astrodome. On the date of the incident, the appellant went to the Astrodome to film an interview with one of the appellees' employees. After the interview, she left the Astrodome complex and began to drive down the street. As she left, she noticed a crowd of people standing across the street from the Astrodome. She stopped on the street, exited

her vehicle, and approached the crowd. After a brief interaction with the crowd, she began to return to her vehicle. As she did so, a member of the crowd assaulted her.

The appellant sought to recover damages from the appellees for the assault. In the appellees' motion for summary judgment, they focused upon the "duty" element of the appellant's tort cause of action, urging that they did not own, occupy, or otherwise control the property where the assault occurred, and therefore owed no duty of care to the appellant.

The appellant argued that the appellees had control over the "site" of the incident and that Harris County created and maintained the site for the appellees' benefit. In short, the appellant contended that they did owe her a duty of care.

In addressing the issues, we note that to establish entitlement to a summary judgment, a moving defendant has the burden of conclusively proving his defense as a matter of law. *Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex.1984). Thus, a summary judgment is appropriate when a defendant establishes, as a matter of law, that any essential element of the plaintiff's cause of action does not exist. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987); *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107–08 (Tex.1984).

The burden of proof that exists at a trial on the merits is immaterial to the burden that a movant for summary judgment must bear. *Missouri–Kansas–Texas Ry. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981); *Glenn v. Prestegord*, 456 S.W.2d 901, 902–03 (Tex.1970). Instead, summary judgments must stand on their own merits and cannot be granted on the failure of the non-movant's proof if the movant has not established his defense conclusively. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972).

In all points of error, the appellant argues that the trial court erred in granting summary judgment because the appellees owed her a duty of care. If the appellees proved, by competent summary judgment evidence, that they did not owe appellant a duty, then her appeal must fail. *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex. 1976) ("[A]ny plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish tort liability."). Thus, the issue on appeal is whether the appellees owed the appellant a duty of care.

The essential elements of an action based on negligence, as in the instant case, are: (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; and, (3) damages proximately resulting from that breach. *El Chico Corp. v. Poole*, 732 S.W. 2d 306, 311 (Tex.1987). Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed him by the defendant to establish liability in tort. *Id.*

As a general rule, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's supervision or control. *El Chico Corp. v. Poole*, 732 S.W.2d at 313 (generally, a person's criminal conduct is a superseding cause extinguishing liability of a negligent actor); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 550 (Tex.1985) (usually, the criminal conduct of a third party is a superseding cause relieving the negligent actor from liability). Texas courts typically state this rule in the context of analyzing "foreseeability," an aspect of "causation," but the reasoning applies in a "duty" analysis, too, because foreseeability is one of the factors to be considered when determining whether a duty exists. *El Chico Corp. v. Poole*, 732 S.W.2d at 311 (duty is a function of several interrelated factors, the foremost and dominant consideration being foreseeability of the risk).

An exception to this rule exists when criminal conduct is the foreseeable result of a tortfeasor's negligence. In such a case, the defendant has a duty to prevent injuries to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby. *El Chico Corp. v. Poole*, 732 S.W.2d at 314 (the tortfeasor's negligence is not superseded when the criminal

conduct is a foreseeable result of the negligence); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 550 (the act of a third person in committing ... a crime is a superseding cause of harm ... *unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a ... crime*) (emphasis in original).

Most cases discussing tort liability for another's criminal act(s) share a common circumstance, that is, the criminal act for which the negligent defendant is sued occurs on the defendant's premises. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 546 (action filed on behalf of minor who was raped *in vacant unit of apartment complex*); *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409, 412 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (operator of parking lot held not negligent for failing to foresee likelihood of assault suffered by plaintiff *in the parking lot*); *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60, 64 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (store owner not liable for assault committed upon plaintiff *on premises* [and continued outside premises]); *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 625 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.) (fact issue existed about whether hotel was negligent in failing to provide adequate security in suit by plaintiff assaulted *in hotel's parking lot*); *Morris v. Barnette*, 553 S.W.2d 648, 649–50 (Tex.Civ.App.— Texarkana 1977, writ ref'd n.r.e.) (fact issue existed about whether defendant washateria was negligent in failing to adequately secure against assault suffered by plaintiff *while a customer at the washateria*); and *Eastep v. Jack-in-the-Box*, 546 S.W.2d 116, 118 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) (restaurant was negligent in failing to demand that perpetrators of assault *leave premises* before fight ensued).

■ The underlying theory of these cases is that the duty to provide protection arises, under the appropriate circumstances, from the defendant's "power of control or expulsion that his occupation of the premises gives him over the conduct of a third person who may be present." *Morris v. Barnette*, 553 S.W.2d at 649 (quoting Prosser, *The Law of Torts* 405 (3d ed. 1964)). The logical inverse of this reasoning is that, absent a defendant's occupation of a premises, no potential control or ability to oust a third party exists; therefore, the defendant would not be liable for failure to provide security when he did not control the premises upon which a third party assaulted a plaintiff.

Supporting our conclusion that liability for a third party's criminal acts requires a showing of the defendant's control of a premises are cases interpreting premises liability generally. In those cases, a defendant's duty to protect a plaintiff from defects on a premises arises from his control or ownership of it; the duty does not extend beyond the limits of a defendant's control. *Grapotte v. Adams*, 111 S.W.2d 690, 691 (Tex.1938) (the duty to exercise ordinary care to maintain [a] sidewalk in a reasonably safe condition for the use of the public rests upon the city, and not upon the abutting property owner); *Portillo v. Housing Auth. of the City of El Paso*, 652 S.W.2d 568, 569 (Tex.App.—El Paso 1983, no writ) (an occupier of a premises has no greater duty than does the public generally regarding conditions existing outside his premises and not caused by the occupier).

In *El Chico Corp. v. Poole*, 732 S.W.2d at 306, the third party's criminal act, for which the appellant was held liable, occurred off the premises. In *El Chico*, the plaintiff sustained injuries in a collision at a public intersection when he was hit by the defendant who was intoxicated. The court held that the restaurant owed a duty to the motoring public not to sell an alcoholic beverage to an already intoxicated person and, therefore, that whether the restaurant breached its duty was a jury question. We make no attempt to distinguish this case but believe it to be limited to its unique facts and the law as it is developing concerning harm that arises after serving intoxicated persons alcoholic beverages.

In the present case, the appellees demonstrated by their summary judgment proof that they neither controlled nor had any right to control the premises where the third party assault occurred. By both affidavit and deposition testimony, the appellees conclusively proved that neither the Astrodome–Astrohall Stadium Corp. nor the Houston Sports Association had any interest in the public street corner upon which the appellant was injured.

The appellant's response was insufficient to defeat the movant's right to a summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 679. First, the appellant's own affidavit did no more than assert speculative and conclusory statements; therefore, the trial court properly ignored its contents. *Armstrong v. Harris County*, 669 S.W.2d 323, 328 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Second, the appellant's reliance on her excerpts from the lease between Harris County and the Houston Sports Association is not well-founded. The lease demonstrates Harris County's obligation to acquire and pave certain properties adjoining the Astrodome. These specific areas are not described in the lease but, rather, are designated on an accompanying map. The map that the appellant attached to her response, however, does not reflect in any way that the premises upon which she was assaulted was included in the appellee's obligation, under the lease.

Finally, the appellant refers to an affidavit that was not submitted to the trial court until her motion for new trial. Because the evidence was not presented until after summary judgment, it was entirely within the discretion of the trial court to refuse to consider the untimely filed affidavit. *Hill v. Milani*, 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *aff'd*, 686 S.W.2d 610 (Tex. 1985) (and cases cited therein).

We overrule appellant's points of error.

We affirm the judgment.