**Doris Louise HAIGHT, Appellant,**

v.

**SAVOY APARTMENTS, Marine Charters, Inc., and Cook Interests, Appellees.**

**No. 01–90–00261–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 22, 1991.

Timothy F. Lee, Houston, for appellant.

Michele Quattlebaum, Gene F. Creeley, II, Houston, for appellees.

Before DUGGAN, MIRABAL and DYESS, JJ.

## OPINION

MIRABAL, Justice.

Nineteen year-old Rhonda Louise Haight was sexually assaulted and murdered on June 30, 1984, while she was visiting the Savoy Apartments in Houston. Her assailant was an employee of the Savoy Apartments.

Rhonda's mother, Doris Louise Haight (appellant) brought a wrongful death and survival action, in her individual capacity and as the legal representative of Rhonda's estate, naming as defendants the Savoy Apartments and its three owners. A summary judgment, denying relief to appellant, was granted in favor of the Savoy Apartments and two of its owners [1] (collectively referred to as "the Savoy Apartments"). We reverse and remand.

Appellant's suit alleged that negligent acts or omissions of the Savoy Apartments resulted in Rhonda Haight's assault and death. The negligent acts complained of were: (1) the Savoy Apartments' hiring an employee with a violent past criminal

---

1. One alleged owner, Holcombe Properties, was nonsuited. This is an appeal from the summary judgment in favor of Savoy Apartments, Marine Charters, Inc., and Cook Interests.

record;[2] (2) its permitting this employee to participate in social activities on the premises; and (3) its failure to provide adequate security in and around the premises. Appellant also claimed the Savoy Apartments' reckless disregard for the safety of others amounted to gross negligence.

The Savoy Apartments' original motion for summary judgment was based on one ground, that appellant could not prove foreseeability of the risk to Rhonda Haight. The motion states in part:

The foremost consideration in establishing the existence of a duty is the foreseeability of the risk.

There is no evidence to indicate that Defendants knew of the risk or should have reasonably anticipated the risk of criminal conduct by third parties against the plaintiff. The risk was therefore not foreseeable and cannot give rise to a duty on the part of Defendants.

It follows that Defendants were under no duty to protect plaintiff against the unforeseeable criminal acts of third parties and therefore they are not liable to plaintiff based on a claim of negligence.

In a supplemental motion for summary judgment, the Savoy Apartments asserted Rhonda Haight was not exposed to Jay Smith through his employment, and he was not acting in the course and scope of his employment at the time of the assault; therefore, appellant had no cause of action based on negligent hiring. The Savoy Apartments also repeated its position that the violent acts of its employee were not foreseeable, and added the ground that the security measures utilized on the night in question were proper, and could not have prevented the incident in question. The order granting summary judgment does not specify the grounds relied on for the court's ruling.

In a sole point of error, appellant contends the trial court erred in granting summary judgment because appellant showed there were genuine issues of material fact to be decided by the jury.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

---

**2.** It is uncontested that the Savoy Apartments' employee, Jay Dee Smith, sexually assaulted

Rhonda Haight.

The summary judgment evidence consists of affidavits and depositions, along with records from the Harris County District Attorney's office. The summary judgment evidence is contradictory on numerous issues. Under the proper standard of review, that evidence which favors appellant will be taken as true.

Jay Dee Smith and Tom Smith were brothers who worked for the Savoy Apartments as grounds keepers. They lived off the premises. They had been employed by the apartments for about three months when the incident giving rise to this suit occurred.

On June 29, 1984, an acquaintance of theirs, Rhonda Haight, went to their apartment, where they were joined by several people. After drinking a while, they decided to swim at the Savoy Apartments, where one of the group lived. The group gathered at the pool and continued drinking for some time. Later that night or early the next morning, Rhonda was sexually assaulted by Jay Dee Smith, and her body was found in a vacant field adjacent to the apartments the following morning.

The offense report accompanying the motion for summary judgment indicates that Jay Smith claimed he passed out and when he came to, Rhonda was floating in the pool. He then tried to revive Rhonda and when he could not, he dragged her to the field where the sexual assault occurred. There was evidence that blood at the pool and drag marks indicated Rhonda was attacked at the pool. There is also evidence she died of strangulation.

Jay Smith had a prior criminal record, including a conviction for assaulting two individuals with a sledgehammer, in Indiana. The Savoy Apartments' manager testified the apartments had no rules regarding hiring people with criminal convictions. She said she gave Smith an application that asked if the applicant had ever been convicted of a felony. She stated if the applicant answered no, she would accept the answer and would not ask further. She later said that she did not recall asking Smith if he had been convicted of a felony, but that was something she did when someone applied. The manager testified she thought it was illegal to obtain information about a person's felony conviction.

The manager stated that no one was hired without a check by the security officer, yet no written reports were ever kept, and the security officer never came back and told her anything the check disclosed on an employee. The manager relied on the security officer telling her whether the employee was "okay" or not.

The manager usually kept notes on the margin of applications regarding references, but she could not locate the application on Jay Smith because the police took it. The manager said she could not remember anyone she called, or if she called more than one person for a reference on Smith.

Appellant's security expert, Jack Barbour, stated in his affidavit that information on Smith's criminal background was available by telephone or writing. It was his opinion that reasonable care required an employer to investigate the criminal history of a potential employee for a job such as the one Jay Dee Smith held. He believed it was reasonably foreseeable that a man with a history of violent criminal acts may continue to act in a violent manner and pose a significant risk of harm to persons on the premises of the Savoy Apartments.

The Savoy Apartments did not provide 24 hour on-premises security. There was no watchman, no control gates, no surveillance cameras, and no rotating staff security responsibility. The only security "guard" or "officer" was a policeman named Kenneth Kellough. In exchange for a free apartment at the Savoy, Kellough was supposed to make periodic patrols of the premises when he was not on-duty for the police department. During the patrols he wore "plain clothes," not his uniform.

Regarding security at the apartments, the manager testified in her deposition that the pool normally closed at 11:00 p.m. or 12:00 a.m. on Friday nights, but people could stay later if they were quiet. The manager stated she went by the area of the pool on the night of the assault at approximately 7:00 p.m. and 11:20 p.m.; at 11:20

p.m., she saw a man and a woman at the pool, but she couldn't tell who they were. The off-duty police officer, Kellough, may have gone by the pool area at about 11:10 p.m. and again at 1:00 a.m., at which times he observed no activity at the pool area.

One of the appellant's witnesses claimed she was at the pool party from approximately 8:00 p.m. to 12:00 a.m. and never saw the security officer, though she knew the apartments had one. She also claimed that Jay Smith was there during that time and was visibly and noticeably intoxicated. Several other affiants claimed they had never seen a security officer and did not know there was one.

One affiant, who was a resident of the apartments, went out to the party twice to tell the people to turn down a radio between 11:00 p.m. and midnight. He said that he heard a woman's voice coming from the pool at approximately 1:10 to 1:20 a.m., which sounded like she was going under water. He said he heard her call out a man's name that sounded like "Jay".

Another witness testified in her affidavit that she saw Jay Smith by the pool around 2:45 a.m., and he called out to her as she drove by the pool area.

Appellant's security expert, Jack Barbour, testified in his deposition that for a 192 unit complex like the Savoy, the security officer should have patrolled the swimming pool a minimum of three times during the hours of darkness. He further testified that a loud, late night and early morning party with apartment residents and non-residents drinking around a pool, should have been a security consideration. He said that it was a poor security practice for the Savoy Apartments to allow its off-duty employees, such as Jay Dee Smith, uncontrolled access to the apartments for social activities after hours. Appellant's expert concluded that a reasonable security program would have stopped the party at the pool, and the failure to do so could foreseeably result in violence or accidental injury.

■ Viewing the evidence under the appropriate standard, we hold that the evidence presents genuine issues of material fact regarding two of the grounds advanced for summary judgment: the foreseeability of a risk of harm to people at the pool, and the adequacy of the security provided. The party at the pool was not interrupted by security, yet there was drinking and music loud enough to disturb other residents of the apartments after the pool was normally closed. Jay Smith was an employee who, according to appellant's expert, management should have known had a criminal record for violence, and he was visibly intoxicated at the pool. This was a situation that, according to appellant's expert, merited the attention of security as a potential security risk. The security officer and the manager allegedly passed by the pool during times when this activity would have been occurring, without interfering. Indulging every reasonable inference in favor of appellant, the security officer and the manager either did not patrol the area as claimed, or patrolled the area and did not observe the activity at the pool, or observed the activity and took no action.

■ As a general rule, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's supervision or control. *LaFleur v. Astrodome–Astrohall Stadium*, 751 S.W.2d 563, 564 (Tex.App.—Houston [1st Dist.] 1988, no writ). An exception to this rule exists when criminal conduct is the foreseeable result of a defendant's negligence. In such a case, the defendant has a duty to prevent injuries to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured. *Id.* It is not required that the particular accident complained of should have been foreseen. *Nixon*, 690 S.W.2d at 550–51. All that is required is that the injury be of such a general character as might reasonably have been anticipated, and the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen. *Id.*

The Savoy Apartments contends there was no evidence of prior assaults or crimes that would make this assault foreseeable. The fact that an event has not previously occurred is neither conclusive on the issue, nor dispositive of a duty to reasonably anticipate its occurrence. *Allright, Inc. v. Pearson,* 711 S.W.2d 686, 690 (Tex.App.—Houston [1st Dist.] 1986), *aff'd in part and rev'd in part on other grounds,* 735 S.W.2d 240 (Tex.1987). The operator of a premises is charged with knowledge of any dangerous condition that a reasonable inspection would have revealed, if a reasonably prudent person should have foreseen a probability that the condition would result in injury to another. *Allright, Inc.,* 711 S.W.2d at 689.

The other ground advanced by the Savoy Apartments in its motion for summary judgment was that appellant has no cause of action for negligent hiring, because Jay Smith was not acting in the course and scope of his employment at the time of the assault, and Rhonda was not exposed to him through his employment. It does not appear to us that appellant is asserting a separate cause of action based on a negligent hiring theory. Rather, appellant contends the failure of the Savoy Apartments to check on Smith's background is one of the factors relevant to the foreseeability of the specific risk of danger to persons on the premises. Whether the hiring of Jay Smith helped create a situation where the operators of the apartments, in the exercise of reasonable care, should have anticipated criminal conduct, may be a question relevant to foreseeability.

We note the Savoy Apartments argues that the affidavit of appellant's security expert, Jack Barbour, is insufficient to defeat the Savoy Apartments' right to summary judgment because it contains speculative and conclusory statements. We disagree. Mr. Barbour based his expert opinion on his investigation of the case, material provided to him by counsel, and his experience in the security and loss prevention field. It was his opinion that the background investigation of Jay Smith was lacking, security on the night of the attack was not reasonable, and proper security measures were not taken to limit Jay Smith's access to the premises. We find the evidence, viewed in light of Mr. Barbour's affidavit, is sufficient to raise issues of fact in this case. *See Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626 (Tex.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (affidavit of security expert on adequacy of patrols of hotel grounds raised issues of fact). Such issues are to be resolved by the trier of fact, and are not proper issues to be determined as a matter of law in a summary judgment proceeding. *Id.* Clearly, if a summary judgment may be granted based upon the opinions of expert witnesses, such opinions also have a place in precluding a summary judgment by raising issues of fact material to the elements of a non-movant's cause of action. *Id.*

Applying the proper standard of review for summary judgments, and indulging all reasonable inferences in favor of the non-movant, we find there are genuine issues of material fact to be resolved. Appellee did not carry the burden of showing its entitlement to summary judgment on any of the grounds advanced in its motion.

We sustain appellant's point of error.

We reverse the judgment and remand the case to the trial court.