Donald **MIDKIFF**, Sr. and Linda Neely, Individually and as natural parents and personal representatives of the Estate of Lorrie Midkiff, Deceased, Appellants,

v.

Gerald D. **HINES**, Gerald D. Hines Interests, Limited and Setec Protection Service, Incorporated, Appellees.

No. 01–92–01248–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1993.

Rehearing Denied Dec. 2, 1993.

Ladd R. Gibke, Houston, for appellant.

John P. Venzke, Scott Wonderly, Houston, for appellees.

Before DUGGAN, HUTSON–DUNN and ANDELL, JJ.

**OPINION**

HUTSON–DUNN, Justice.

The appellants, Donald Midkiff, Sr. and Linda Neely, individually and as natural parents and personal representatives of the estate of Lorrie Midkiff, appeal from a take-nothing summary judgment in favor of the appellees, Gerald D. Hines, Gerald D. Hines Interests, Limited, and Setec Protection Service Incorporated. We reverse and remand.

As Lorrie Midkiff was sitting in her vehicle in the drive-through line at an Antone's restaurant on Westheimer in Houston, three men attempted to steal her car. During the attempt, one of the men shot Lorrie and she died.

1. Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001, 71.002, 71.003, 71.004, 71.005, 71.006, 71.007, 71.008,

The appellants sued the appellees under the Texas Wrongful Death and Survival Statutes [1] alleging that the appellees' negligence resulted in Lorrie Midkiff's death. The negligent acts complained of included: (1) failing to make reasonable investigation and inquiry into the history of crime and criminal incidents occurring on their property and surrounding areas; (2) failing to implement a reasonable and adequate security program to deter criminal conduct; and (3) failing to warn the deceased of the incidents of crime on the premises and surrounding area, or to instruct her as to what precautions were reasonably required to protect herself.

The appellees filed a motion for summary judgment, asserting that they had no duty to protect against this act and that, even if they were negligent, their negligence was not the proximate cause of Lorrie's death. The trial court granted the motion without specifying a reason. The appellants bring three points of error.

In points of error one and two, the appellants argue that the summary judgment was error because the appellees did owe a duty to Lorrie. In point of error three, they argue that there is a fact issue on proximate cause.

The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant-movant must present summary judgment proof establishing, as a matter of law, that there is no genuine issue of material fact on one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). If the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972). On appeal, evidence

71.009, 71.010, 71.011, 71.021 (Vernon 1986).

favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The summary judgment evidence, consisting of affidavits, depositions, and reports from the Houston Police Department, is contradictory on a number of issues. Under the standard of review, the evidence that favors the appellant will be taken as true. *Nixon,* 690 S.W.2d at 548–49.

Joe Stutts, the operations manager for Hines, testified in his deposition that he was responsible for security-related determinations for Westheimer Court Shopping Center. Stutts talked about the meetings that he held with Michael Johnson, Setec's assistant operations manager in charge of monitoring and evaluating security needs at the shopping center before entering into new contracts for security. At these meetings, they would look at the incidents that had occurred on the property to determine the number and frequency of patrols needed. He stated that in making this determination they looked only at statistics from Setec and never looked at Houston Police Department reports. Further, there were regular meetings about every six weeks where they had discussions about crime that had occurred in the immediate vicinity and as far away as the Galleria. Again, their discussions were limited to Setec reports. After discussing some of the more serious crimes that had occurred in the area, and admitting that he had not known about them, Stutts testified that he would want to know about aggravated robberies and burglaries occurring at the shop-

ping center and that these are the types of crimes that a management company would want to know about also.

Tommye Rogers, the senior supervisor for Setec Protection Services, stated in deposition that there was no patrol on the property at the time of the murder, that no patrol was scheduled for that time, and that no officers had ever been stationed at the property at noontime before the murder.

The Houston Police Department reports show that 36 crimes occurred at all times of the day and night in the area within the two years prior to the murder. The crimes include aggravated robbery, assault, burglary, theft, kidnapping, domestic violence and forgery. Nine of these crimes occurred between 10:00 a.m. and 2:30 p.m. Antone's reported one felony theft 14 months before the murder.

Jack Heard, a former career law enforcement officer, stated in an affidavit to the appellants' summary judgment response, that the murder was a foreseeable event and the appellees' negligence was the proximate cause of Lorrie Midkiff's death. George Alderete, the police officer who investigated the murder, stated in an affidavit supporting the appellees' motion for summary judgment that, in his opinion, the incident could not have been prevented by standard security measures, and the murder was not foreseeable.

In point of error number two, the appellants argue that the trial court erred in granting summary judgment for the appellees based on no duty because the summary judgment evidence shows that the appellees had a duty to provide security to protect persons such as Lorrie Midkiff against intentional acts of third parties.

 A cause of action for negligence consists of three essential elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from that breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Duty is the threshold inquiry in a negligence case. *Id.* In determining whether the defendant was under a duty, the court will consider several interre-

lated factors, the foremost and dominant consideration being foreseeability of the risk. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987).

The duties owed by a landowner depend upon the role of the person injured on the premises. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975). It is undisputed that Lorrie Midkiff was an invitee, a person present on the appellees' premises in response to an express or implied invitation for mutually beneficial business purposes. *Allright, Inc. v. Pearson,* 711 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986), *aff'd in part, rev'd in part,* 735 S.W.2d 240 (Tex. 1987).

■ Generally, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's control or supervision. *Haight v. Savoy Apartments,* 814 S.W.2d 849, 853 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (citing *LaFleur v. Astrodome–Astrohall Stadium,* 751 S.W.2d 563, 564 (Tex.App.—Houston [1st Dist.] 1988, no writ). The exception to this rule arises when criminal conduct is the foreseeable result of a defendant's negligence. When criminal conduct is foreseeable, the defendant has a duty to prevent injuries to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured. *Id.* Therefore, we must address whether the appellees' summary judgment evidence conclusively establishes that criminal acts like those involved here were not foreseeable. *See Kendrick v. Allright Parking,* 846 S.W.2d 453, 457 (Tex.App.—San Antonio 1992, writ denied); *Morris v. Barnette,* 553 S.W.2d 648, 650 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *See also Ronk v. Parking Concepts of Texas, Inc.,* 711 S.W.2d 409, 414–15 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

■ Generally, the existence of a duty is a question of law. *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex.), *cert. denied,* 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990). "While foreseeability as an element of duty may frequently be determined as a matter of law, in some instances it involves the resolution of disputed facts or inferences which are inappropriate for legal resolution." *Id.*

■ Viewing the evidence under the summary judgment standard, we find there is a genuine issue of material fact regarding the foreseeability of the risk of harm from the criminal conduct of third parties. Stutts testified that the appellees were not aware of Houston police reports for the area, and that the crimes reported were of the type that a responsible management company would want to know. Police department records show a variety of crimes occurred in the area, including one felony theft. There is evidence that police reports were not consulted when determining need for security. Inferences that may be drawn from the police records and the witness statements make the issue of foreseeability better left to a finder of fact. *Id.*

The appellees argue that only seven crimes shown in the police reports occurred between the hours of 10:00 a.m. and 2:00 p.m., the time this event took place, and only one involved violence in the area. Therefore, they reason, they had no duty to protect against criminal activities because they could not have foreseen this murder.

■ It is not required that the particular activity complained of should have been foreseen. *Nixon,* 690 S.W.2d at 550–51; *Haight,* 814 S.W.2d at 853. All that is required is that the injury be of such a general character as might reasonably have been anticipated, and the injured party should be so situated with relation to the wrongful act that injury to him, or one similarly situated, might reasonably have been foreseen. *Id.* Therefore, the fact that a murder has never occurred in the nearby vicinity does not mean that a crime of that magnitude is not foreseeable.

We sustain point of error two.

In point of error number three, the appellants argue that the trial court erred in granting the summary judgment based on no proximate cause because the summary judgment evidence raises a fact question regarding causation.

The two elements of proximate cause are cause in fact and foreseeability. *City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex.1987). Cause in fact means that the act or omission was a substantial factor in bringing about the injury and, without it, harm would not have occurred. *Kerby v. Abilene Christian College,* 503 S.W.2d 526, 528 (Tex.1973). Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others. *Nixon,* 690 S.W.2d. at 549–550. Although the criminal conduct of a third party may be a superseding cause that relieves the negligent actor from liability, the actor's negligence is not superseded and will not be excused when the criminal conduct is a foreseeable result of such negligence. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992); *LaFleur,* 751 S.W.2d at 564.

We find that there is a genuine issue of material fact regarding the foreseeability of this act as it pertains to proximate cause. The evidence showed that there was prior criminal activity in the area and that there was no patrol at the time of the murder. A fact issue is raised on the foreseeability of criminal activity when there is evidence of specific crimes on or near the area where the event took place. *Nixon,* 690 S.W.2d at 550.

We next consider whether the alleged negligence on the part of the appellees could have been the cause in fact of the injuries. To find cause in fact, the negligent act or omission must be a substantial factor in bringing about the injury and without which harm would not have been incurred. *Id.* at 549. In reviewing the evidence, we must resolve any doubts in favor of the nonmovant. We conclude that a reasonable inference exists from which a fact finder could conclude that, but for the appellees' failure to provide security, this crime would not have taken place. One expert testified that if a uniformed security guard had been stationed on the property as a visible deterrent, the murder would have been deterred or prevented.

We sustain point of error number three.

It is unnecessary for us to address point of error one in light of our findings on points of error two and three.

We reverse and remand to the trial court.