Winona OLD, Individually a/n/f Phillip Albert Fults–Old, Appellant,

v.

**LEFMARK MANAGEMENT COMPANY, Appellee.**

No. 01–94–00446–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 24, 1995.

Rehearing Overruled Aug. 24, 1995.

Andrew L. Drapkin, Houston, for appellant.

Mike Morris, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

MIRABAL, Justice.

We overrule appellee's motion for rehearing, withdraw our July 6, 1995 opinion, and substitute this opinion in its stead.

Plaintiff, Winona Old, filed a wrongful death and survival action against (1) Shipley Do–Nuts & Flour Supply Company, Inc. (Shipley's), (2) the owners and managers of the shopping center where Shipley's was located, and (3) appellee, Lefmark Management Company, the former manager of the shopping center. The trial court granted summary judgment in favor of Lefmark. The interlocutory judgment became final upon severance, and this appeal followed. We reverse and remand because Lefmark's motion for summary judgment and supporting evidence did not address every theory of recovery pled by plaintiff.

On July 13, 1993, at 12:30 a.m., plaintiff's husband, Phillip Old, went to Shipley Do–Nuts in the Fairbanks Plaza Shopping Center to purchase donuts. As he entered Shipley's, he encountered an armed robbery in progress. He was shot and killed.

In this wrongful death and survival suit, plaintiff alleged that criminal activity was frequent at the shopping center, citing a report of an armed robbery at the same store on June 27, 1993, as well as "eight (8) armed robberies, numerous burglaries and more than 200 calls for service to H.P.D." between August 14, 1991 and July 13, 1993. She further alleged an uncontrolled and unse-

cured alley ran alongside Shipley's, and a three to four foot wide hole in the fence behind Shipley's allowed potential criminals easy access and escape. Further, she alleged that, on the occasion in question, defendants failed to have a security guard on duty or an adequate security system in place, either in the Shipley's store or on the common premises, even though there were multiple 24–hour businesses in the shopping center. Plaintiff claimed defendants knew or should have known dangerous conditions existed at the shopping center that posed an unreasonable risk of harm to the public and to her husband, and that defendants failed to exercise reasonable care in protecting against, eliminating and/or warning against the dangers.

With regard to appellee Lefmark, plaintiff specifically alleged the following:

> In the alternative, and in the event defendant Lefmark was not the property manager on the date of the occurrence in question, plaintiff would show that defendant Lefmark created the following dangerous conditions on the premises in question during its tenure as an independent property manager at Fairbanks Plaza which proximately caused plaintiff's injuries and damages.
>
> 1. Lefmark failed to conduct a security risk assessment at Fairbanks Plaza after receiving the Kroger Food Store letter of January 19, 1993;
>
> 2. Lefmark failed to notify its successors of the contents of the Kroger letter;
>
> 3. Lefmark failed to notify its successors of the history of excessive criminal activity in and around Fairbanks Plaza during its tenure;
>
> 4. Lefmark failed to promulgate a satisfactory security program to protect the Fairbanks Plaza business guests;
>
> 5. Lefmark failed to repair a three to four (3 to 4) foot wide hole in the Fairbanks Plaza perimeter fence directly behind Shipley Do–Nuts thereby allowing potential criminals easy and surreptitious ingress and escape to and from the property.[1]

Lefmark's summary judgment evidence shows that, effective April 13, 1993, three months prior to the involved incident, Lefmark was removed as managing agent for Fairbanks Plaza. On the date of the incident, July 13, 1993, Lefmark did not own, occupy, manage, possess or otherwise have any control of the shopping center. Accordingly, Lefmark moved for summary judgment on the grounds that, because the assault on Mr. Old took place when Lefmark was no longer manager, Lefmark had no duty to Mr. Old and therefore could not be found negligent, as a matter of law.

Plaintiff's responsive summary judgment evidence showed that, prior to April 13, 1993, Lefmark was an independent contractor providing management services for the owner of the Fairbanks Plaza shopping center. During its management term, Lefmark received a letter dated January 19, 1993, from Kroger Food Stores, one of the tenants at Fairbanks Plaza, which reads in part:

> Please be advised that our Kroger store located at 14147 N.W. Freeway @ Fairbanks N. Houston, Houston, Texas experienced armed robberies on October 19, 1992 and November 23, 1992. This incident was reported to the police department and is currently under investigation.
>
> Since we are necessarily concerned about the safety of the customers and employees of this shopping center, we respectfully request that you make each tenant aware of the incident. Additionally, we would appreciate any information concerning criminal activity experienced by other tenants in the shopping center. Please forward this information to Ed Wilson ... or myself. We will, in turn, contact our store personnel at the location named above.
>
> As a result of this robbery and the concern about crime in general, please conduct a crime activity survey of the immediate area of this shopping center and advise the tenants of the results. Additionally, if the results of this survey indicate additional security is needed for the common areas,

1. These allegations appear in plaintiff's first amended petition, timely filed after Lefmark's motion for summary judgment, but before submission and judgment.

please take the appropriate action necessary to protect our employees and customers.

Plaintiff argued in her response to Lefmark's motion for summary judgment that Lefmark had knowledge of dangerous conditions on the property, and it therefore had a duty to at least convey its knowledge of the dangerous conditions to its successors. Plaintiff reasoned:

> Under defendant's theory, had Lefmark known of a time bomb buried in the Fairbank's Plaza parking lot during its control period, it would have been relieved of liability for the bomb's damage had it exploded after defendant was relieved of its management duties. This is not a correct interpretation of Texas law under the facts of this case.

The trial court rejected plaintiff's argument, and granted summary judgment to Lefmark.

 The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Smith, Seckman, Reid, Inc. v. Metro Nat'l Corp.*, 836 S.W.2d 817, 819 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd

n.r.e.). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

 A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In her second point of error, plaintiff asserts the trial court erred in granting summary judgment on a "no duty" theory because the law clearly places a duty on a prior possessor of property to reveal the existence of a known dangerous condition on the property to the subsequent possessor.

 As a general rule, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's supervision and control. *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 20 (Tex.1993); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 550 (Tex.1985). However, an exception to this rule exists when criminal conduct is the foreseeable result of a defendant's negligence; if such conduct is foreseeable, a defendant bears the duty to prevent injury to others. *Poole*, 732 S.W.2d at 314. Criminal conduct supersedes a tortfeasor's negligence "unless the actor at the time of negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a ... crime." *Nixon*, 690 S.W.2d at 550. *See also Midkiff v. Hines*, 866 S.W.2d 328, 332 (Tex.App.—Houston [1st Dist.] 1993, no writ) (holding fact issue existed regarding foreseeability of

murder at restaurant where police records indicated history of crime in the area).

The underlying theory of these cases and their progeny is that the duty to provide protection arises from the defendant's power of control, or expulsion, that his occupation of the premises gives him over the conduct of third persons. *Exxon Corp. v. Tidwell*, 867 S.W.2d at 20; *LaFleur v. Astrodome–Astrohall Stadium*, 751 S.W.2d 563, 565 (Tex. App.—Houston [1st Dist.] 1988, no writ). Lefmark relies on this underlying theory to support its position that it owed no duty to plaintiff's husband. Citing *LaFleur*, Lefmark maintains that, because it gave up management of the shopping center on April 13, 1993, some three months before Mr. Old was killed, it no longer had control of the property, and therefore could not owe a duty to Old as an invitee.

In *LaFleur*, this court held that the defendants were entitled to summary judgment because they neither controlled, nor had any right to control, the premises where a third party assault occurred. *Id.* at 566. Lefmark fails to note, however, that in *LaFleur* the property where the assault occurred was a public street corner, not private property. There, the defendants never had control of the safety of this public area or any obligation to provide safety measures.

For additional support, Lefmark relies on *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 20 (Tex.1993), in which the court considered an attempt by a gas station attendant to hold an oil company liable for his injuries. The *Exxon* case is distinguishable. There, a lease agreement provided that the entire control and direction of the operation of the service station remained with the lessee, raising an unresolved fact issue about whether Exxon even had a right of control over the safety and security of the station. *Id.* at 23.

The Restatement (Second) of Torts section 353 reads as follows:

(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

(a) the vendee does not know or have reason to know of the condition or the risk involved, and

(b) the vendor knows or has reason to know of the condition and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

(2) If the vendor actively conceals the condition, the liability in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

RESTATEMENT (SECOND) OF TORTS § 353 (1965). A number of cases have applied the rule that when a dangerous condition exists at the time a vendor transfers possession, the vendor may be liable for subsequent injuries if the vendor does not disclose, or actively conceals, the existence of the condition. *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 368 (Tex.App.—Houston [1st Dist.] 1994, no writ); *First Fin. Dev. Corp. v. Hughston*, 797 S.W.2d 286, 291 (Tex.App.—Corpus Christi 1990, writ denied) (specifically applying RESTATEMENT (SECOND) OF TORTS § 353); *Davis v. Esperado Min. Co.*, 750 S.W.2d 887, 888 (Tex.App.—Houston [14th Dist.] 1988, no writ) (also specifically applying RESTATEMENT (SECOND) OF TORTS § 353).

Although Lefmark is not a "vendor" of the shopping center, it did exercise possession and control over the shopping center until April 1993, and was responsible for the safety of the area. A person put in control of premises by the owner, such as an independent contractor, is under the same duty as the owner to keep the premises under his control in safe condition. *City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex.1986). Lefmark's management responsibilities (its rights to possession and control) were "transferred" from Lefmark to the new management company. We hold that Lefmark had a

duty to disclose to its successors any dangerous conditions affecting the shopping center.

In her petition, plaintiff specifically alleged that Lefmark failed to comply with its duty to notify its successor of the contents of the Kroger letter, and of the history of excessive criminal activity in and around Fairbanks Plaza. In its motion for summary judgment and supporting evidence, Lefmark did not address this theory of recovery. Accordingly, Lefmark did not negate appellant's right to recover as a matter of law, and Lefmark was not entitled to summary judgment.

We sustain appellant's second point of error.

We reverse the summary judgment and remand for further proceedings.