Opinion issued December 1, 2005



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00735-CV




HENRY WALLACE A/N/F OF HENRY WALLACE, II, ANGELA VALLEY
A/N/F OF CHRISTOPHER THEUS, MARY HAMILTON A/N/F OF
ROMEL HAMILTON AND MARCUS PATTON, Appellants

V.

JOE WYMER, WYMER ENTERPRISES, INC., MCDONALD’S
CORPORATION AND SIX FLAGS THEME PARKS, INC., Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2003-37743




MEMORANDUM OPINION
          Appellants, minor boys, Henry Wallace II, Christopher Theus, Romel
Hamilton, and Marcus Patton, through their next friends, Henry Wallace, Angela
Valley, and Mary Hamilton, seek reversal of take-nothing summary judgment orders
rendered against them in their negligence suit against appellees, Joe Wymer, Wymer
Enterprises, Inc., McDonald’s Corporation (McDonald’s), and Six Flags Theme
Parks, Inc. (Six Flags). Appellants contend that appellees should be held liable for
personal injuries appellants received that were caused by unknown third parties while
appellants were on or near appellees’ properties. In two points of error, appellants
assert that the trial court erred by (1) rendering summary judgment orders on the
ground that appellees negated the duty element of appellants’ negligence claim and
(2) severing the claim of Steven Sylvester, appellants’ co-plaintiff, against Six Flags,
from appellants’ claims. We affirm.
Factual Background
          On July 4, 2001, Wallace, Theus, Hamilton, Patton, and Sylvester, who is not
a party to this appeal, went to Astroworld park.


 Two unknown people assaulted
Sylvester while he was in the park. After the assault, Wallace, Theus, Hamilton, and
Patton (hereafter “the four boys” or “appellants”) left Astroworld by exiting through
its front gate. The four boys then walked through the drop-off zone to the sidewalk
area, outside the gate, abutting the 610 highway. Somewhere between that area and
McDonald’s, the four boys were approached by a gang of 50 or more boys and
assaulted (hereafter “the first assault”). After the assault, the four boys continued
towards McDonald’s restaurant, where they had planned to be picked up by Wallace’s
parents. The four boys never entered the McDonald’s restaurant. Instead, they
entered Wallace’s parents’ car at the McDonald’s parking lot. Their car exited the lot
and entered the street, where it was struck by a car fleeing from an attack by several
unidentified people who were among the crowd in the restaurant’s parking lot
(hereafter “the second assault”).



Summary Judgment
          In point of error one, appellants contend that the trial court erred by ruling, as
a matter of law in rendering summary judgment, that appellees did not owe a duty of
ordinary care to protect appellants from the criminal acts of third parties.
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Under the standard of review for a traditional
summary judgment, the moving party must establish that no material fact issue exists,
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). Summary
judgment for a defendant is proper when the defendant negates at least one element
of each of the claimant’s theories of recovery. Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). Once the defendant produces evidence warranting
summary judgment, the plaintiff must present evidence that raises a fact issue. 
Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).
          The essential elements of a negligence action are (1) a legal duty owed by
defendant to plaintiff; (2) a breach of that duty; and (3) damages proximately
resulting from the breach. El Chico Corp. v. Poole, 732 S.W.2d. 306, 311 (Tex.
1987). Duty is the threshold inquiry; a plaintiff must prove the existence and
violation of a duty owed by the defendant to establish liability in tort. Id. Whether
a duty exists is a question of law for the court to decide. Timberwalk Apartments,
Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998). 
          As a general rule, no person has a legal duty to protect another from the
criminal acts of a third person. Id. An exception to this rule, however, occurs when
a person controls the premises. Id. A person who controls premises has a duty to use
ordinary care to protect invitees from criminal acts of third parties if he knows or has
reason to know of an unreasonable and foreseeable risk of harm to the invitee. Id. 
The exception applies to a person who “‘retains control over the security and safety
of the premises.’” Id. This duty is commensurate with the right of control over the
property. Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 53-54 (Tex. 1997). A person
who is not in control of the property at the time of the injury may nonetheless owe a
duty to make the premises safe if that person has agreed to make safe a known
dangerous condition of real property or if the person has created the dangerous
condition. Id. at 54.
The First Assault that Occurred Near Astroworld
          Six Flags sought to obtain traditional summary judgment by negating the duty
element of appellants’ negligence cause of action. To establish that no material fact
issue existed and that it owed no duty to appellants, as a matter of law, Six Flags
provided the affidavit of its safety representative, who attested that he had examined
the area the four boys identified as the scene of the assault and that the location at
issue had never been owned, occupied, or controlled by Six Flags. See LaFleur v.
Astrodome-Astrohall Stadium Corp., 751 S.W.2d 563, 566 (Tex. App.—Houston [1st
Dist.] 1988, no writ) (holding that summary judgment proof demonstrated that
appellees had no interest in public street corner where LaFleur was injured and that
proof therfore established that appellees had no right to control premises where third
party assault occurred.).
          Appellants’ response, which we address in detail below, was insufficient to
defeat Six Flags’s right to summary judgment. Appellants did not attempt to refute
Six Flags’s assertion and evidence that it did not own or control the site of the assault. 

          Appellants first contend that, as a matter of law, Six Flags falls within the
exception to the general rule that a person has no legal duty to protect another from
the criminal acts of a third person. Appellants argue that the exception, which
requires premises owners to use ordinary care to protect invitees from criminal acts
of third parties if the premises owner knows or has reason to know of an unreasonable
and foreseeable risk to the invitee, applies to Six Flags. But the duty owed under this
exception is to “protect others on the [landowner’s] property” from the risk. 
Timberwalk, 972 S.W.2d at 756 (emphasis added). Because the four boys seek to
impose liability for acts that occurred outside Astroworld, the “knowledge of an
unreasonable and foreseeable risk” exception does not impose a duty of care to
protect Astroworld’s former invitees on property outside its possession, control, or
both.
          Next, appellants assert that Six Flags owed them a duty because it created a
dangerous situation. Although creation of a dangerous situation is a recognized
exception to the general rule that a person has no duty toward others when the person
has no control over the property, Lefmark Mgmt. Co., 946 S.W.2d at 53-54, Six Flags
contends that the general rule concerning duty, rather than the exception, applies here. 
We agree with Six Flags. No evidence in the record shows that Six Flags created the
allegedly dangerous condition of the crowd of unsupervised young people. And if
the record had showed that, nothing in the record shows that the people who assaulted
the four boys on the sidewalk near Astroworld had ever been on the Astroworld
property or had any association with Astroworld’s property. Additionally, the four
boys have cited no authority, and we are aware of none, that would create a duty by
Six Flags to be responsible for the criminal acts of third parties merely because Six
Flags failed to control a crowd of unsupervised young people who had assembled on
property that was not within its control.
          Appellants also assert that Six Flags failed to warn them of the risk of injury
created by the high volume of public invitees and to alert them about past criminal
activity. Proof of ownership is an essential element in a premises-defect case. 
Cameron County v. Velasquez, 668 S.W.2d 776, 781 (Tex. App.—Corpus Christi
1984, writ ref’d n.r.e). Six Flags’s safety manager’s affidavit negated the ownership 
element of appellants’ claim. In their response, appellants asserted that Six Flags
posted no signs or warnings that would have alerted appellants about past violence
or that informed parents that parental supervision was advised. Appellants attached
no summary judgment evidence, however, to support these assertions. When there
is no evidence that the defendant owned or exercised control over the site of the
injury, there is no legal duty to warn about or eliminate the danger in question. Id.
at 780-81. Thus, based on record in this case, the failure-to-warn doctrine is
insufficient to defeat Six Flags’s motion for summary judgment. The trial court did
not err in granting the take-nothing summary judgment in favor of Six Flags.
The Second Assault that Occurred Near McDonald’s Restaurant
          Appellees’ summary judgment evidence included an affidavit from a
McDonald’s corporate representative, who stated that McDonald’s did not own the
restaurant or control the activities of the restaurant where appellants alleged they
sustained damages, and that the restaurant was instead owned by Wymer Enterprises. 
In their “Plaintiffs Response to Defendants McDonald’s Corporation and Six Flags
Theme Parks, Inc.’s Motion for Summary Judgment,” appellants omitted any mention
of Wymer or Wymer Enterprises, Inc. 
          The undisputed evidence in the record shows that the McDonald’s corporate
representative established that McDonald’s did not own the restaurant of which
appellants complained and appellants’ response contained no summary judgment
evidence to create an issue of fact regarding McDonald’s possession or control of the
restaurant in question. Moreover, appellants’ brief assigns no error to the trial court’s
grant of summary judgment to Wymer or Wymer Enterprises, Inc.
          We conclude the trial court did not err in granting summary judgment. We
overrule appellants’ first point of error.
Severance
          In point of error two, appellants and Sylvester assert that the trial court erred
by severing Sylvester’s claim against Six Flags from all other claims. Specifically,
they assert that the severance of Sylvester’s claim places undue hardship on him by
giving him two lawsuits instead of one to pursue: (1) this appeal and (2) his claim in
the trial court against Six Flags. 
          The record shows that the trial court granted the summary judgment motions
that pertained to the four boys’ causes of action in favor of appellees, and severed the
four boys’ causes of action from Sylvester’s claims. After the severance, Sylvester’s
case remained pending in the trial court. Sylvester is not a party to this appeal.


 
          Appellants lack standing to advance the argument that Sylvester would be
injuriously affected by the severance because they have made no showing that the
severance might injuriously affect them. See The Torrington Co. v. Stutzman, 46
S.W.3d 829, 843 (Tex. 2000) (“[A]n appealing party may not complain of errors that
do not injuriously affect it or merely affect the right of others.”).
Discovery
          Appellants also complain that, because Six Flags and McDonald’s had not
responded properly to discovery, and because discovery was not complete, evidence
was not available that would create issues of material fact and establish the elements
of appellants’ case. 
          A party who contends that it has not had adequate opportunity for discovery
before a summary judgment hearing must file either an affidavit explaining the need
for further discovery or a verified motion for continuance. Tenneco, Inc. v. Enter.
Prod. Co., 925 S.W.2d 640, 647 (Tex. 1996). Because appellants did neither, they
did not preserve error regarding this complaint. Tex. R. App. P. 33.1(a). 
Furthermore, we cannot consider the items in the appendices to appellants’ brief
because they are not a part of the appellate record. Wright v. Sage Eng’g, Inc., 137
S.W.3d 238, 245n.3 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).
Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Elsa Alcala
                                                                                  Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.