Affirmed and Memorandum Opinion filed October 26, 2004









Affirmed and Memorandum Opinion filed October 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00076-CV

_______________

 

STEVE WALSH, Appellant

 

V.

 



ALIEF INDEPENDENT SCHOOL DISTRICT, HOUSTON INDEPENDENT SCHOOL DISTRICT,
CITY OF HOUSTON, AND HARRIS COUNTY, Appellees

 



 

On Appeal from the 334th District Court

Harris County, Texas



Trial
Court Cause No. 02‑43720

 



 

M E M O R A N D U M   O
P I N I O N








In this suit for ad valorem property taxes, appellant, Steve
Walsh, contends summary judgment was improperly granted in favor of Alief
Independent School District (AAlief@) and Houston Independent School District, City of Houston,
and Harris County (the AIntervenors@).[1]  On October 4, 2004, appellant=s counsel filed a Suggestion of Death
advising this court that appellant died during the pendency of this
appeal.  Pursuant to the Rules of
Appellate Procedure, we proceed to adjudicate the appeal Aas if all parties were alive.@ 
Tex. R. App. P. 7.1(a).  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4. 

I. 
Procedural Background

Alief filed suit against Walsh to recover delinquent ad
valorem taxes, penalties, interest, and costs, as well as to foreclose tax
liens on business personal property that Walsh used in his law practice.[2]  The Intervenors filed their plea in
intervention to assert their own claims for delinquent taxes, penalties,
interest, and costs, as well as to foreclose tax liens on the same property.  Alief and the Intervenors filed separate
motions for summary judgment, and the Tax Master denied both summary judgment
motions.  Alief and the Intervenors
appealed the Tax Master=s decision to the district court, and requested a trial de
novo.  Before trial, Alief and the
Intervenors filed amended motions for summary judgment.  The district court granted summary judgment
for Alief for delinquent taxes for the tax years 1999 through 2001 and summary
judgment for the Intervenors for delinquent taxes for the tax years 1998
through 2002.[3]  Walsh filed this appeal from the summary
judgment orders.[4]








II.  Standard Of Review

We review a traditional summary judgment to determine whether
the record establishes there is no genuine issue of material fact and the
movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  In deciding whether the
summary judgment record established the absence of a genuine issue of material
fact, we view as true all evidence favorable to the non-movant and indulge
every reasonable inference, and resolve all doubts, in its favor.  Nixon, 690 S.W.2d at 548B49. 
Once the movant establishes it is entitled to summary judgment, the
non-movant can defeat that showing only by producing evidence that raises a
fact issue.  Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996); Haight v. Savoy Apartments, 814 S.W.2d 849,
851 (Tex. App.CHouston [1st Dist.] 1991, writ
denied).  

III. 
Discussion








In his sole issue, Walsh contends that the trial court
improperly granted summary judgment in favor of Alief and the Intervenors because
there remained an issue of fact as to whether he owned all, or any, of the
property upon which the taxes were imposed. 
In response, Alief and the Intervenors argue that, for several reasons,
Walsh was precluded from asserting the affirmative defense of Anon-ownership@ in the district court.[5]  Thus, they contend there was no factual issue
to defeat their prima facie case for judgment against Walsh for the amount of
the delinquent taxes.  See Gen. Elec.
Capital Corp. v. Corpus Christi, 850 S.W.2d 596, 600 (Tex. App.CCorpus Christi 1993, writ denied) (holding
that delinquent tax rolls showing that taxes were assessed and unpaid,
establish a prima facie case for judgment against the taxpayer).  However, we not address these arguments
because Walsh has waived his challenge to the summary judgment orders by failing
to properly brief his issue.

To properly present an issue on appeal, an appellant must
provide clear and concise argument for the contentions made, with appropriate
citations to the record and authorities. 
Tex. R. App. P. 38.1(h); Thedford
v. Union Oil Co. of Ca., 3 S.W.3d 609, 615 (Tex. App.CDallas 1999, pet. denied).  It is not our responsibility to sift the
record to find error or evidence in support of an appellant=s argument.  Melendez v. Exxon Corp., 998 S.W.2d 266,
280 (Tex. App.CHouston [14th Dist.] 1999, no pet.); Tacon
Mech. Contractors, Inc. v. Grant Sheet Metal, Inc. 889 S.W.2d 666, 671
(Tex. App.CHouston [14th Dist.] 1994, writ
denied). 

In two sentences in Walsh=s brief, he alleges that he did not
own the property, or a major portion of the property, upon which the tax was
imposed, and that he should have been allowed to present this issue to a
jury.  However, Walsh fails to make any
argument or cite to any authority in connection with this issue.  Because Walsh failed to provide specific
argument based on proper legal authority, he has waived this issue.  See Tex.
R. App. P. 38.1(h); Thedford, 3 S.W.3d at 615.

Accordingly, the orders granting summary judgment in favor of
Alief and the Intervenors are affirmed.  

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed October 26, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 











[1]  Harris County
intervened on behalf of itself and the following county wide taxing
jurisdictions: The Harris County Education Department, The Port of Houston
Authority of Harris County, The Harris County Flood Control District, and
Houston Community College District.





[2]    The
appraisal of Walsh=s personal property was not based on an item-by-item
accounting, but was based on the type of business and the square footage. 





[3]  The summary
judgment orders granted relief for Alief and the Intervenor=s for Aall claims,@ which
includes penalties and interest, as well as foreclosure of the tax liens on the
property. 





[4]  The district
court granted both amended motions for summary judgment on October 24,
2004.  Although the district court has
not yet signed a final judgment, the parties treat the two summary judgment
orders as a final judgment.  Because the
two orders dispose of all parties and issues in the case, we will also treat
the two orders as a final judgment for purposes of this appeal.  See Lehman v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). 





[5]  Alief and the
Intervenors contend that Walsh could not properly raise his affirmative defense
of Anon-ownership@ in the
district court because (1) the district court lacked jurisdiction because Walsh
failed to exhaust his administrative remedies in protesting his ownership, and
(2) although Walsh couches his affirmative defense in terms of Anon-ownership,@ his
defense is actually an impermissible challenge to the appraised value of his
property.  See Aldine Independent Sch.
Dist. v. Baty, 999 S.W.2d 113, 117 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (noting that improper appraised value is not a
defense that can be raised in a delinquent tax suit).