# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
February 14, 2006 Session

## STATE OF TENNESSEE v. JOEL MARSHALL JONES

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 16108, 16109      Lee Russell, Judge**

---

**No. M2005-00619-CCA-R3-CD - Filed April 21, 2006**

---

GARY R. WADE, P.J., dissenting.

The record reflects that the trial began on the morning of December 16, 2004, and testimony was heard through 9:00 p.m. that evening. Closing arguments and jury instructions followed. Deliberations began at 11:20 p.m. The jury returned a verdict at 3:35 a.m. the next morning. Just before examination of the final witness, the trial court announced as follows:

> In consultation with the attorneys, we have reached a conclusion that the earliest we could possibly be able to get . . . this case to you tonight would be midnight.
> We don't think that is fair to you, to the defendant or to the state.
> For that reason, our plan is to complete the proof tonight. We have one final witness to go. Then at the end of that, to break until 9:00 in the morning. Then in the morning you could get the arguments of counsel and the charge and the case would be turned over to you in the morning.
> I think being realistic that is the best we can do to be fair to everybody. . . .

At that point, a juror informed the court that he had two meetings he could not miss the following day. When asked whether the meetings could be postponed, the juror replied, "It is money in my pocket, I can't. I hate to be that way." The trial court then addressed the jury: "Let me ask you, and answer honestly folks. Can you concentrate and continue to do this and try to finish tonight? If you feel you can, raise your right hand. Looks as if everybody thinks that they can finish tonight. All right."

In Hembree v. State, 546 S.W.2d 235 (Tenn. Crim. App. 1976), a post-conviction case, the petitioners contended that they were denied the effective assistance of counsel when the trial court required counsel to try the case from 9:00 a.m. until 1:00 a.m. the next morning. The trial court

refused to adjourn even when the attorneys asserted that they were fatigued and not thinking clearly. This court held as follows:

> We are also mindful of the fatigue of the jurors. We think that absent unusual and compelling circumstances, the jury should not be permitted to listen to evidence until 1:00 a.m. No reasonable cause was given for proceeding until this hour and a defendant being tried for murder is not only entitled to reasonably alert counsel, but to witnesses who are reasonably alert and that the jury should likewise be clear-headed and not unduly fatigued. We think that the 14th Amendment of the United States Constitution and Art. 1, § 8 of the Tennessee Constitution grants appellants these rights.
>
> This is not to say that night sessions per se are improper under unusual circumstances; however, we do hold that night sessions should be terminated at a more reasonable hour, absent consent of the parties and all members of the jury.
>
> Before we can hold a Federal constitutional error to be harmless, we must be able to declare a belief that it was harmless beyond a reasonable doubt. We cannot declare a belief that the error is harmless beyond a reasonable doubt and we must therefore affirm . . . .

Hembree, 546 S.W.2d at 242-43 (citations omitted).

As indicated, trials should be allowed to proceed late into the night "only under unusual circumstances; and then only with the consent of the parties and all members of the jury." State v. McMullin, 801 S.W.2d 826, 830 (Tenn. Crim. App. 1990). When considering the ability of the jury to continue its work, "a trial judge should rely on more than tacit or even express agreement of jurors to continue. The trial judge should also use an objective test based upon his or her own judgment on the bench and experience in life dealing with the frailties of human beings." State v. Parton, 817 S.W.2d 28, 35 (Tenn. Crim. App. 1991).

In Rex Winford Hale v. State, [No Number in Original], Sevier Co. (Tenn. Sept. 12, 1978) (per curiam) (order), our supreme court ruled as follows:

> The working hours of a trial court rest in the sound discretion of the trial judge; however, where, as in this case, the trial judge elects to require the jury and counsel to work continuously through the night until 5:24 a.m., it is a patent abuse of discretion which deprives the defendants of their constitutional right to a fair trial.

The majority distinguishes Hembree in part on the basis that the defendant here does not claim that he was denied the effective assistance of counsel. This court has, however, previously commented on the ineffectiveness of the justice system as a whole when trials are allowed to proceed into the late evening and early morning hours:

The judge gets tired, whether he or she admits it. The court reporter may make transcription errors that will not show up until appellate review. Clerks, bailiffs, and other court personnel must have clear minds to properly go about their duties. Witnesses cannot perform their function to the best of their ability when they are weary after a long and stressful day. They should not have to testify when they ordinarily would be retiring. Many participants just want to get the case over with and go home.

Parton, 817 S.W.2d at 34-35.

The majority relies on State v. Craig, 655 S.W.2d 186 (Tenn. Crim. App. 1983), as its basis for holding that the trial court did not violate the requirements of Hembree. In Craig, the court concluded that "[t]he jury was obviously fully capable of considering the evidence . . . [and] nothing in the record . . . indicate[s] that the jury's verdict was in any way affected or influenced by the night session of which complaint is made." In Craig, the jury began deliberations at 11:20 p.m., as in this case, but adjourned twenty minutes later and reconvened the next morning at 8:30 a.m. A verdict was rendered at 2:45 p.m. In the case as issue, the jury began its deliberations at 11:20 p.m. and rendered a verdict at 3:35 a.m. There was no break.

"[T]he right of trial by jury shall remain inviolate . . . ." Tenn. Const. art. I, § 6. Error affecting that right "will result in such prejudice to the judicial process that automatic reversal is required." State v. Bobo, 814 S.W.2d 853, 858 (Tenn. 1991). Nevertheless, "unusual and compelling circumstances" sometimes warrant extended days in trial and late night or early morning deliberations. That one juror apparently had business meetings the next day simply does not qualify as "unusual and compelling circumstances." See McMullin, 801 S.W.2d at 827. "Jury service is a duty as well as a privilege of citizenship; it is a duty that cannot be shirked on a plea of inconvenience or decreased earning power. Only when the financial embarrassment is such as to impose a real burden and hardship does a valid excuse of this nature appear." Thiel v. S. Pac. Co., 328 U.S. 217, 224 (U.S. 1946).[1] Further, an alternate juror should have been available. Tenn. R. Crim. P. 24(e). That remedy would have been preferable to deliberations after midnight. Seven hours before the verdict, each juror had consented to an extension of their day's work. In my opinion, they should have been asked periodically thereafter. While I admire the work ethic of the trial judge and the effort to accommodate at least one of the jurors, in no event should deliberations have been permitted to continue until after 3:00 a.m. I would have granted a new trial pursuant to the mandate in Hembree and its progeny.

---

[1] "The jury are taken from the various walks of life, and their combined knowledge and experience afford the very best opportunity for safe and wise conclusions." James H. Hazelrigg, C.J., Kentucky Court of Appeals (1899), quoted in J. Kendall Few, I Trial by Jury 482 (American Jury Trial Foundation 1993). "Jury service provides citizens with the only opportunity, other than voting, to participate directly in their own governance." Nancy S. Marder, Beyond Gender: Peremptory Challenges and the Roles of the Jury, 73 Tex. L. Rev. 1041, 1084 (1995).

_____
GARY R. WADE, PRESIDING JUDGE