Opinion issued May 29, 2008

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00708-CV






ADEKUNLE ADEBO, Appellant


V.


LITTON LOAN SERVICING, L.P., Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2006-46427





MEMORANDUM OPINION



 Appellant, Adekunle Adebo, challenges a traditional summary judgment
rendered in favor of appellee, Litton Loan Servicing, L.P. (Litton) against Adebo's
claim of wrongful foreclosure. In his single issue, Adebo argues that the trial court
erred by rendering summary judgment because Litton did not demonstrate to the trial
court that Adebo had been provided an opportunity to cure his default before the
foreclosure. Adebo contends that section 51.002 of the Property Code requires that
showing. See Tex. Prop. Code Ann. § 51.002 (Vernon Supp. 2007). We affirm.

Background


 Adebo is the former owner of real property located at 12251 Sandpiper Drive,
Houston in Harris County (the property). Adebo purchased the property in March
2001, having executed a $22,500.00 promissory note in favor of Litton's predecessor-in-interest. The note was secured by a deed of trust on the property, which required
a monthly payment of approximately $233.41. Litton is the current mortgage-servicing company for Adebo's loan. (1) It is undisputed that Adebo rented the property
and did not use it as his residence. 

 Adebo had been in default on his monthly payments since January 2006 when
Litton notified him by letter on March 20, 2006 that (1) he was in default, (2) Litton
intended to accelerate the note, and (3) he had 45 days to cure his default. The
default amount then was $524.00. Adebo did not cure the default. On April 13,
2006, Litton sent Adebo a statement indicating that $1,710 was due to be paid by May
1, 2006. (2) Adebo did not cure the default. By correspondence dated May 25, 2006,
Litton served Adebo with notice, by certified mail, of its intent to accelerate the loan,
based on his default, that the amount due as of that date was $25,925.90, and that on
acceleration, the note would be referred for foreclosure by substitute trustee's sale on
or after July 4, 2006. Adebo sent a Litton a check dated June 1, 2006 in the amount
of $700, but Litton returned it to Adebo by a letter dated June 7, 2006, in which
Litton reported that the remittance was insufficient to pay the full amount due and
that the loan was in the process of foreclosure. 

 Adebo had missed seven payments when the loan was foreclosed at a substitute
trustee's sale on July 4, 2006 and purchased by the current mortgagee. When the new
owner sought to evict Adebo and his tenants, Adebo filed a petition on July 31, 2006,
claiming that Litton had foreclosed on the property without serving him "proper
notice" and without affording him "an opportunity to pay the amounts allegedly
owed." Adebo sought a temporary restraining order and a temporary injunction to
prevent the eviction, which the trial court denied, and also sought to enjoin Litton
from selling the property "to another person." Adebo's sworn pleadings allege
wrongful foreclosure. In addition, he challenged Litton's "unilateral decision" and
authority to pay property taxes on the property and thereby increase the amount
necessary to pay off the balance. Adebo's sworn pleadings acknowledge that he
resides at a different address than the property address. 

 Litton answered by general denial on December 27, 2006 and filed a motion
for traditional summary judgment on February 28, 2007. Adebo filed his late
response with leave of court on July 19, 2007, and the trial court rendered summary
judgment in favor of Litton on July 19, 2007. The trial court's order specifies that (1)
the July 6, 2006 foreclosure sale "was in all respects valid" and (2) Litton properly
paid taxes on the property pursuant to the terms of the deed of trust. (3) 

Standard of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we must
indulge every reasonable inference in favor of the nonmovant, take all evidence
favorable to the nonmovant as true, and resolve any doubts in favor of the
nonmovant. Id. A defendant who moves for traditional summary judgment on the
plaintiff's claims must conclusively disprove at least one element of each of the
plaintiff's causes of action. Little v. Tex. Dep't of Criminal Justice, 148 S.W.3d 374,
381 (Tex. 2004). 

Discussion


 In his single issue on appeal, Adebo contends that the summary judgment must
be reversed because "there is no evidence in the record that [Litton] ever gave proper
notice" of the substitute trustee's sale of the property and therefore failed to comply
with section 51.002(b) of the Property Code. 

A. Litton's Motion on Notice of Foreclosure and Adebo's Response

 In moving for summary judgment on Adebo's wrongful-foreclosure claim,
Litton demonstrated that Adebo was seven months in default on his loan obligation
before the July 4, 2006 foreclosure sale, and that Litton had given proper notice of the
sale. 

 To support the latter contention, Litton relied first on the business-records
affidavit of its vice-president, who stated that Adebo had been provided notice on
March 20, 2006, by certified mail, of his default, Litton's intent to accelerate, and his
45-day opportunity to cure, lest the matter be referred for foreclosure, which would
take place in approximately 60 days. Notice was sent to Adebo at the property and
at his residence address. Litton also provided the business-records affidavit of the
foreclosure director of the foreclosing agency to which Litton had referred the matter
of Adebo's loan. The director stated in her affidavit and demonstrated, through
supporting documentation, that on May 25, 2006 Adebo had been provided notice,
by certified mail sent both to the property and to Adebo's residence, that the note had
been accelerated and that a substitute trustee sale would take place, at the earliest, at
10 a.m. on July 4, 2006. 

 Responding to Litton's motion on the issue of notice, Adebo provided his own
affidavit in which he denied that he had ever received notice of the foreclosure sale. 
Adebo argued that a jury should determine whether Litton's conduct was lawful,
given that he did not receive a response to his June 21, 2006 telecopier transmission
requesting the amount of "pay off balance" due on his loan. 

B. Compliance with Notice under Section 51.002 of the Property Code

 The controlling statute is section 51.002 of the Property Code, which governs
foreclosure sales of real property under contract lien. See Tex. Prop. Code Ann. §
51.002. Subsection (b) of section 51.002 provides that notice of the sale must be
given at least 21 days before the date of the sale by all three of the following means:

 (1) posting at the courthouse door of each county in which the property
is located a written notice designating the county in which the property
will be sold;


 (2) filing in the office of the county clerk of each county in which the
property is located a copy of the notice posted under Subdivision (1); 
and


 (3) serving written notice of the sale by certified mail on each debtor
who, according to the records of the mortgage servicer of the debt, is
obligated to pay the debt.


Tex. Prop. Code Ann. § 51.002(b)(1)-(3) (emphasis added). Regarding notice to
the debtor, subsection (d) further specifies that,

 (d) Notwithstanding any agreement to the contrary, the mortgage
servicer of the debt shall serve a debtor in default under a deed of trust
or other contract lien on real property used as the debtor's residence
with written notice by certified mail stating that the debtor is in default
under the deed of trust or other contract lien and giving the debtor at
least 20 days to cure the default before notice of sale can be given under
Subsection (b). The entire calendar day on which the notice required by
this subsection is given, regardless of the time of day at which the notice
is given, is included in computing the 20-day notice period required by
this subsection, and the entire calendar day on which notice of sale is
given under Subsection (b) is excluded in computing the 20-day notice
period.


Tex. Prop. Code Ann. § 51.002(d) (emphasis added). 

 Adebo concedes in his pleadings that the property is not his residence. 
Accordingly, section 51.002(d) does not apply. Litton nonetheless complied with
section 51.002(d) through the affidavit of its vice-president, who stated that Adebo
had been provided certified-mail notice on March 20, 2006 that he was in default, that
Litton intended to accelerate, and that he had 45-days cure his default, at the risk of
foreclosure, which would take place in approximately 60 days. Having been sent on
March 20, 2006 and having provided a 45-day opportunity to cure, Litton's notice
exceeded the requirements of section 51.002(d). 

 Adebo nonetheless insists that he raised a triable issue of fact concerning
Litton's compliance with subsection 51.002(b) because he denied ever receiving "any
official foreclosure notices" from Litton. As subsection (e) of section 51.002
provides, however, 

 (e) Service of a notice under this section by certified mail is complete
when the notice is deposited in the United States mail, postage prepaid
and addressed to the debtor at the debtor's last known address. The
affidavit of a person knowledgeable of the facts to the effect that service
was completed is prima facie evidence of service.


Tex. Prop. Code Ann. § 51.002(e) (emphasis added). Litton provided the "prima
facie evidence" referred to in this statute through the affidavits of its vice-president
and the foreclosure director of the foreclosing agency, both of whom averred
compliance with the certified mail required to accomplish service, both at the
property and at Adebo's address. 

 To raise a triable issue of fact to defeat Litton's summary-judgment showing
of compliance with the notice requirements of section 51.002, Adebo had to present
some evidence, more than a scintilla of evidence, i.e., legally sufficient evidence, to
raise an issue of fact to defeat Litton's prima facie case on the notice element. Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Haight v. Savoy Apartments, 814
S.W.2d 849, 851 (Tex. App.--Houston [1st Dist.] 1991, writ denied); see also City
of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal
sufficiency should be the same for summary judgments, directed verdicts, judgments
notwithstanding the verdict, and appellate no-evidence review."). The "final test" for
legal sufficiency "must always be whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review." City of Keller, 
168 S.W.3d at 827. 

 As the supreme court reaffirmed in City of Keller, evidence is legally
insufficient when (1) there is a complete absence of a vital fact; (2) rules of law or
evidence preclude according weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the
evidence conclusively establishes the opposite of the vital fact. See City of Keller,
168 S.W.3d at 810. 

 In this case, Adebo contends that he has raised an issue for a jury's
determination, based on his having denied ever receiving "any official foreclosure
notices" from Litton regarding foreclosure. The dispositive inquiry under section
51.002(e), however, is not receipt of notice, but, rather, service of notice. See Tex.
Prop. Code Ann. § 51.002(e) (stating that "Service of a notice under this section by
certified mail is complete when the notice is deposited in the United States mail,
postage prepaid and addressed to the debtor at the debtor's last known address.") 

 To defeat Litton's summary-judgment showing of compliance with the notice
provisions section 51.002, therefore, Adebo had to defeat Litton's evidence that its
notices had been deposited in the mail, by certified mail, postage prepaid, and
addressed to Adebo, as stated in the affidavits of Litton's vice-president and the
foreclosure director of the foreclosing agency. But Adebo did not defeat that
showing. By operation of "the rule of law" of effective service stated in section
51.002(e), we are precluded, as was the trial court, from giving effect, i.e., "according
any weight" to the only evidence that Adebo "offered to prove [the] vital fact" that
Litton did not comply with section 51.002. See City of Keller, 168 S.W.3d at 810. 

 We overrule Adebo's issue on appeal. 


Conclusion


 We affirm the judgment of the trial court. 





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.
1. Litton is agent for the mortagee, Deutsche Bank National Trust Company as Trustee. The
original mortgagee was Casa Mortgage, Inc. 
2. The increase in the balance from March 2006 to April 2006 derives from Litton's having
paid property taxes on the property. The trial court ruled that this payment was proper;
Adebo has not challenged that ruling on appeal.
3. Adebo challenges only the first basis of the trial court's ruling.